# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 7, 2011

## STATE OF TENNESSEE v. JAMES W. REMBERT

**Appeal from the Circuit Court for Stewart County**
**No. 42065CR09    Larry Wallace, Judge**

**No. M2011-00532-CCA-R3-CD - Filed July 13, 2012**

The Defendant, James W. Rembert[1], entered an open plea to offenses alleged in two separate indictments: a four-count indictment[2] for burglary, theft, vandalism, and possession of a firearm by a convicted felon and an additional indictment for aggravated perjury.[3] On appeal, the Defendant contends that the trial court's imposition of consecutive sentencing was error because the trial court "erroneously presumed" that the Defendant was on bond for offenses in the four-count indictment when the offense of aggravated perjury was committed. Because no error of law requiring a reversal of the judgment is apparent on the record, and the evidence in the record does not preponderate against the findings of the trial court, the judgments of the trial court are affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Russell Lance Miller, Clarksville, Tennessee, for the appellant, James W. Rembert.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Mark A. Fulks, District Attorney General; and Suzanne Lockert-Mash, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] We note that throughout the record the Defendant is also referred to as "James Westley (Lashawn) Rembert," "Lashawn Turner," "Lashawn Rembert," and "Lashawn Westley Rembert."

[2] Neither this indictment nor the judgment is included in the record for review.

[3] The two indictments were consolidated and given one case number after the plea.

**MEMORANDUM OPINION**

The record reflects that the Stewart County Grand Jury originally returned a three-count indictment against the Defendant for his participation in the burglary, theft and vandalism of the E-Z Pawn Shop on November 27, 2008.[4] The Defendant was arrested on the indictment on April 14, 2009, and during his incarceration, he made an agreement with investigators to give them information as to where they could locate the guns that he had stolen from the pawn shop. During these conversations, he also told investigators that he could retrieve the guns and give them information on other crimes in exchange for their agreement to lower his bond. The Defendant did eventually give investigators information about stolen four-wheelers that were in the possession of a man named Eddie Trail, and the State reduced the Defendant's bond. The Defendant posted bond and remained out of jail for approximately six days. However, on May 14th, 2009, at Mr. Trail's trial, the Defendant denied giving any information to investigators about the stolen four-wheelers, and on May 18, 2009, the Defendant was indicted for aggravated perjury.

The Defendant waived his right to a trial and entered an open guilty plea to all charges on November 22, 2010. At sentencing, Investigator David Hicks testified that he assisted the Stewart County Sheriff's office in the investigation of the E-Z Pawn burglary. Inv. Hicks described the scene of the burglary, noting that several guns were taken and that entry was gained by breaking the front window of the business and smashing the counters where the guns were stored. Inv. Hicks also testified that the Defendant was identified by a DNA match from the scene because he had cut his hand on a piece of the glass during the burglary. He further testified that the pawn shop surveillance video captured the Defendant committing the offenses. Inv. Hicks explained that he and Investigator Mark McElroy, who was initially the lead investigator on the case, went to speak with the Defendant once they learned of his arrest. Inv. Hicks also explained that the Defendant did not say much about the burglary, initially, but the Defendant wanted to speak with them about getting his bond lowered. Inv. Hicks testified that he asked the Defendant about a call he made to Eddie Trail on the day of the burglary, and eventually, the Defendant told them that Trail had some stolen four-wheelers in his possession. After verifying that information and learning that a police officer's car was also broken into in the same vicinity, from which "two high dollar guns" were stolen, they returned to jail to talk with the Defendant further. Inv. Hicks testified that the Defendant agreed to help them get the guns back. The investigators, subsequently, executed a search warrant based on the Defendant's information and retrieved one of the

---

[4] At some point in 2010, prior to the plea hearing, the State filed a superceding indictment which added the additional count of possession of a handgun by a convicted felon. The original indictment was "nolled."

stolen four-wheelers.

Inv. Hicks testified that, as he understands it, the Defendant was subpoenaed to testify about the information he provided to them; however, at trial, he insisted that he never provided any information to investigators about the four-wheelers. Later, the Defendant requested to speak with Invs. Hicks and McElroy again. Inv. Hicks testified that the Defendant "was visibly upset that we had executed a search warrant. He said that we messed everything up by doing that, we did it way too quick, and we couldn't get anything else after that." Inv. Hicks also testified that the guns were never returned.

Investigator B.J. DeRose testified that he replaced Mark McElroy after he left the sheriff's office. Inv. DeRose explained that he was not originally involved in the case but had talked to the Defendant since taking over for McElroy in June 2010. Inv. DeRose testified that the Defendant said he would try to get his mother to bring the guns, as he had been placed back into jail at that time, but the Defendant never produced the guns. Inv. DeRose also testified that the Defendant did give him some information on the other guns, but he was unable to obtain a search warrant or get the guns based on the information "because of the time elapsed."

Bill Parsons, the Defendant's probation officer, testified that he prepared the presentence report which reflected that the Defendant had an extensive criminal history. The report also reflected that the Defendant had previously been placed on probation in 1999 for an auto theft, and it was later revoked. The Defendant had also been placed on parole before, but it too was later revoked. Officer Parsons testified that he believed that both the Defendant's probation and parole had been revoked because the Defendant had "picked up" new charges. Officer Parsons also testified that the report contained a written statement from the Defendant about what had occurred. Officer Parsons stated that the Defendant expressed remorse for the burglary and that the Defendant told him that he had a baby that was born two days before the offense occurred.

The Defendant then called three character witnesses who generally testified that he was a caring person, he was good to and had a positive influence on children, and that he had been "under a lot of stress due to a divorce [because] his wife had left him."

During the Defendant's testimony at the sentencing hearing, he admitted to "breaking into the pawn shop" and expressed remorse for his actions. The Defendant also admitted to committing aggravated perjury during Eddie Trail's trial involving the stolen four-wheelers, although he insisted that it was not intentional. The Defendant explained that he only denied giving the information to the investigators after his name was listed in Eddie Trail's indictment despite the detective's promise that he would be classified as a "CI" which meant

"confidential." The Defendant explained that he was being treated badly in jail, that he was being spat on by inmates, and that they were calling him a snitch. The prosecution questioned the Defendant about a jail phone call he made to his father, giving him Trail's number and asking him to warn Trail about the information the Defendant had given investigators. The prosecution then suggested that he simply gave investigators enough information to get his bond reduced and that he never intended to actually assist the investigators. The Defendant insisted that he only asked his dad to warn Eddie Trail about the police because investigators listed his name in the warrant, and he was being threatened in jail and "had to protect himself."

The trial court also questioned the Defendant at sentencing, at which time the Defendant admitted that he had four prior felony convictions and approximately ten misdemeanors. The Defendant admitted that he was on bond from Davidson County when the 2008 offenses from Stewart County were committed. He also admitted that he was on "suspension" when he committed aggravated perjury in May 2009.

In imposing sentence, the trial court stated the requisite considerations under Tennessee Code Annotated section 40-35-210; considered the sentencing principles, presentence report, and sentencing alternatives, the evidence, the nature and characteristics of the crime, and statistical information; and determined that the Defendant would be sentenced as Range 2, multiple offender. The trial court imposed the mid-range sentence for each offense: Count 1, burglary, six years; Count 2, theft, six years; Count 3, felony vandalism, six years; Count 4, felon in possession of a handgun, three years; and for the additional indictment of aggravated perjury conviction, six years. The trial court ordered the offenses in the four-count indictment to run concurrently to each other, and consecutively to the aggravated perjury conviction, for an effective sentence of twelve years. Alternative sentencing and probation were denied.

In this appeal, the Defendant challenges the trial court's imposition of consecutive sentencing. The Defendant argues that the trial court imposed consecutive sentencing solely because it "erroneously presumed" that he was on bond for the offenses alleged in the four-count indictment when he committed the offense of aggravated perjury. The Defendant contends that "the court's ruling was not based on its discretion under T.C.A. § 40-20-111 (a), but on the mandate of T.C.A. § 40-20-111(b)" and requests a new sentencing hearing.[5]

---

[5] Tennessee Code Annotated section 40-20-111(a) provides that when a defendant is convicted of more than one count, the trial court may, in its discretion, order consecutive service of those sentences. See T.C.A. § 40-20-111 (a). Tennessee Code Annotated section 40-20-111(b) states that if a defendant commits an offense while on bond for another offense, the trial court must order the sentences to run consecutively. See T.C.A.

(continued...)

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Comts.; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40–35–401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543–44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344–45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344–45.

In conducting a de novo review of a sentence, this court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40–35–113 and 40–35–114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40–35–210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). The defendant's potential for rehabilitation or treatment should also be considered. See Tenn. Code Ann. § 40–35–103(5).

A review of the record indicates that the trial court properly considered the sentencing principles and the relevant facts and circumstances involving the offenses, finding that the Defendant's extensive criminal history supported the imposition of consecutive sentencing. The Defendant neither challenges nor presents any proof that this finding was erroneous. Tennessee Code Annotated section 40–35–115(b) provides that a trial court may, in its discretion, order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

---

[5](...continued)
§ 40-20-111 (b).

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40–35–115 (emphasis added). These criteria are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing. See id.; State v. Denise Dianne Brannigan, 2012 WL 2131111, No. E2011–00098–CCA–R3–CD, at 19 (Tenn. Crim. App. June, 13, 2012). However, the imposition of consecutive sentencing is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed [.]" Tenn. Code Ann. § 40–35–103(2) & (4).

The Defendant's sole argument is that the trial court only imposed consecutive sentencing because it "erroneously presumed" that he was on bond for the four-count indictment when he committed aggravated perjury. However, that was an enhancement

factor that the trial court considered in setting the length of the sentence, not imposing consecutive sentencing, and the Defendant is not challenging the length of his sentence.[6] The trial court found that Tennessee Code Annotated section 40–35–115(2) applied and, exercising its discretion, imposed consecutive sentencing.

## CONCLUSION

We conclude that under these facts and circumstances, partial consecutive sentencing is appropriate and the punishment is no greater than that deserved for the offenses committed. The evidence in the record does not preponderate against the findings of the trial court, and no error of law requiring reversal of the judgments is apparent on the record. Accordingly, the judgments of the trial court are affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
D. KELLY THOMAS, JR., JUDGE

---

[6] Even if the Defendant were to have challenged the length of his sentence, there is substantial evidence to support the trial court's determination.